# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Wyatt L. Graham,**
**Petitioner Below, Petitioner**

**vs)  No. 13-0975** (Kanawha County 12-AA-46)

**The Board of Education of Wetzel County, West Virginia,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wyatt L. Graham, by counsel Andrew J. Katz, appeals the August 1, 2013, order of the Circuit Court of Kanawha County that affirmed the decision of the West Virginia Public Employees Grievance Board ("Grievance Board") denying his grievance following his suspension without pay from his job as a bus operator. Respondent, by counsel Richard S. Boothby, filed a summary response. Petitioner filed a reply. Petitioner argues on appeal that the Grievance Board did not have adequate support for finding that he was insubordinate and that, even if he was insubordinate, he should have received a shorter suspension.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The evidence at the level three hearing before the Administrative Law Judge ("ALJ") revealed that petitioner has been employed by respondent as a bus operator for fifteen years. During the 2011-12 school year, petitioner drove Bus 1 until it became inoperable due to mechanical issues in May of 2012, when he began driving Bus 21. On April 19, 2012, respondent, through its Director of Ancillary Services, Brian Jones, sent a memorandum to petitioner and other bus operators stating that they were required to check in their bus for a cleanliness inspection on the operator's last day of employment. On May 31 2012, petitioner avers that he cleaned out his bus, Bus 21. The next day, June 1, 2012, petitioner went to check in the bus, but, according to petitioner, respondent's employee, Brian Jones, refused to take the bus and asked for Bus 1. Petitioner then walked away from Mr. Jones out of frustration, with Mr. Jones following behind asking him questions, which were ignored. On June 8, 2012, respondent's School Superintendent, Diane Watt, called petitioner and discussed the option of coming into work that day in order to finish checking in Bus 21, but petitioner refused. Petitioner argues he believed he was beyond the end of his contractual employment period and would not be paid for that day, so he did not come to work.

1

On June 11, 2012, Ms. Watt wrote petitioner stating that she was seeking to suspend him for three days without pay for insubordination and not checking in a bus. In the letter, Ms. Watt stated that she reviewed petitioner's service record for the purpose of finding grounds to mitigate a disciplinary response, but instead found "[t]he opposite is in fact the case." Ms. Watt stated that she would raise the issue at an upcoming board meeting. At the board meeting, respondent voted to ratify petitioner's suspension and approved petitioner's suspension without pay for three days. On July 11, 2012, petitioner filed a grievance with the Grievance Board, arguing that he was not insubordinate and that, even if he was insubordinate, respondent was excessive in suspending him more than one day. By order entered February 14, 2013, the ALJ denied petitioner's grievance and upheld respondent's suspension. Petitioner appealed to the Circuit Court of Kanawha County, where the Grievance Board's order was affirmed by order entered August 1, 2013. It is from this order that petitioner appeals.

Petitioner raises the same assignments of error on appeal that he raised in the circuit court below. He argues that the ALJ and circuit court erred in holding that petitioner's conduct on June 1, 2012, constituted insubordination and that, even if he was insubordinate, he should not have been suspended without pay for more than one day. As support, petitioner argues that the circuit court and ALJ "ignored" several factual assertions. Petitioner did not, however, argue that the ALJ did not consider his arguments, only that the ALJ erroneously concluded that petitioner was insubordinate and that his insubordination was not mitigated by his work history. Additionally, petitioner argues that his three-day suspension was excessive and that it should have been reduced because he made "every effort to comply" with respondent's directives.

This Court will not reverse evidentiary findings made by the ALJ unless clearly wrong. *Randolph Co. Bd. of Educ. v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989). Conclusions of law, and the application of law to the facts, are reviewed *de novo*. *Martin v. Randolph Co. Bd. of Educ.,* 195 W.Va. 297, 465 S.E.2d 399 (1995); Syl. Pt. 2, *Maikotter v. University of West Virginia Bd. of Trustees,* 206 W.Va. 691, 527 S.E.2d 802 (1999). Having reviewed the circuit court's order denying petitioner's appeal, entered on August 1, 2013, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 28, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis

**DISQUALIFIED:**

Justice Margaret L. Workman

3

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

WYATT L. GRAHAM,

Petitioner,

v.

Civil Action No. 13-AA-46
Judge James C. Stucky

WETZEL COUNTY BOARD OF EDUCATION,

Respondent.

## FINAL ORDER

Pursuant to West Virginia Code § 6C-2-5, Petitioner Wyatt L. Graham (*hereinafter* "Petitioner") now appeals the level three decision of the West Virginia Public Employees Grievance Board (*hereinafter* "Board") denying Petitioner's grievance. Petitioner, an employee of Respondent Wetzel County Board of Education (*hereinafter* "Respondent"), grieved his three day suspension without pay. This Court, upon a review of the petition, the briefs of the parties, the record, and the pertinent legal authorities, AFFIRMS the decision of the Board.

A circuit court may reverse, vacate or modify the administrative law judge's decision if the circuit court determines the decision is any of the following:

> (1) is contrary to law or lawfully adopted rule or written policy of the employer;
> (2) exceeds the administrative law judge's statutory authority;
> (3) is the result of fraud or deceit;
> (4) is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
> (5) is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5 (formerly W. Va. Code, § 18-29-7). The West Virginia Supreme Court of Appeals held "that a final order of the hearing examiner for the West Virginia Educational

1

Employees Grievance Board, made pursuant to W. Va. Code, § 18-29-1, et seq. . . and based upon findings of fact, should not be reversed unless clearly wrong." Syl. pt. 1, *Randolph County Bd. of Educ. v. Scalia*, 182 W. Va. 289, 387 S.E.2d 524 (1989). The Court has stated the following:

> "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and applications of law to the facts, which are reviewed *de novo*." Syllabus point 1, *Cahill v. Mercer County Board of Education*, 208 W. Va. 177, 539 S.E.2d 437 (2000).

Syl. pt. 1, *Alderman v. Pocahontas Cnty. Bd. of Educ.*, 223 W. Va. 431, 675 S.E.2d 907 (2009).

## FACTS AND DISCUSSION

Petitioner is employed as a bus operator by Respondent. On April 19, 2012, Brian Jones, Petitioner's supervisor (*hereinafter* "Mr. Jones"), issued a memo to all bus operators regarding the "End of Year Bus Check In" process. If bus operators neglected to turn in their buses after cleaning, mechanics would be responsible for cleaning the buses during the summer.[1] On May 1, 2012, Petitioner's assigned bus, Bus #1, was taken out of service for multiple defects; Defects included repairs to the bus and the bus being presented for inspection without cleaning. Bus #1 was returned to service by Bus Inspector Dave Moore (*hereinafter* "Bus Inspector") on the same day that all defect repairs were completed.

After May 1, 2012, Petitioner began driving Bus #21. Mr. Jones scheduled an appointment with Petitioner on May 4, 2012, to review the Bus #1 inspection report and have Petitioner correct the cleanliness issue. However, Petitioner cancelled the appointment on the

---

[1] West Virginia Department of Education Bus Transportation Policy requires bus operators to clean their buses as part of their duties. 126 C.S.R. 92.

2

morning of the meeting. The meeting was not rescheduled, and Petitioner continued to operate Bus #21.

On June 1, 2012, Petitioner drove Bus #21 into the bus garage for the end-of-the-year check-in with Mr. Jones. Mr. Jones asked Petitioner why he was not operating Bus #1. Petitioner responded by saying "I'll see you later," and exited the garage. Upon Bus #21's inspection, Mr. Jones identified a number of problems that Petitioner needed to correct before Bus #21 could be checked-in. Petitioner did not check-in any bus for the 2012-2013 school year.

After Mr. Jones reported Petitioner's conduct, Superintendent Diana Watt (*hereinafter* "Superintendent") contacted Petitioner to question why he had not followed the check-in procedure. Petitioner responded that Mr. Jones had refused to accept Bus #21. Superintendent told Petitioner that he would be permitted to check-in Bus #21, rather than Bus #1; however, he still needed to complete the check-in. Thereafter, Petitioner refused to check-in Bus #21.

On June 11, 2012, Superintendent instructed Assistant Superintendent Jay Yeager (*hereinafter* the "Assistant") to hand-deliver a suspension letter to Petitioner. Also, on that same day, Assistant offered Petitioner an opportunity to follow the written check-in procedure for Bus #21, and the matter would be dropped. However, Petitioner responded that his 200-day contract had ended on June 8, 2012, and he would not check-in any buses after that date.

Petitioner filed a level three grievance on July 9, 2012, alleging that "I am grieving my three days of suspension from work without pay as the 'supposed wrongdoing' [sic] did not occur; hence the punishment is unjust and another act of harassment by Wetzel County School." Following a level three hearing, on February 15, 2013, Administrative Law Judge Ronald L. Reece (*hereinafter* the "ALJ") denied the grievance.

Petitioner contends that the ALJ is clearly wrong in applying the facts in a way to find

3

insubordination and in not finding mitigation.

West Virginia Code § 18A-2-8 provides the grounds for which a teacher may be suspended or dismissed, providing in pertinent part, the following:

> Notwithstanding any other provisions of law, a board may suspend or dismiss any person in its employment at any time for: Immorality, incompetency, cruelty, insubordination, intemperance, willful neglect of duty, unsatisfactory performance, the conviction of a felony or a guilty plea or a plea of nolo contendere to a felony charge. . .

Moreover, the West Virginia Supreme Court has held that "[t]he authority of a county board of education to dismiss a teacher under W. Va. Code 1931, 18A-2-8, as amended, must be based upon the just causes listed therein and must be exercised reasonably, not arbitrarily or capriciously." *Parham v. Raleigh County Bd. of Educ.*, 192 W. Va. 540, 544, 453 S.E.2d 374, 378 (1994).

Case law clearly provides that public employees may be sanctioned for acts of insubordination. *Id.* at 543; *Meckley v. Kanawha County Board of Education*, 181 W. Va. 657, 383 S.E.2d 839 (1989); *Trimble v. WV Board of Directors*, 209 W. Va. 420, 549 S.E.2d 294 (2001). "[F]or there to be 'insubordination,' the following must be present: (a) an employee must refuse to obey an order (or rule or regulation); (b) the refusal must be willful; and (c) the order (or rule or regulation) must be reasonable and valid." *Butts v. Higher Educ. Interim Governing Bd./Shepherd College*, 212 W. Va. 209, 212, 569 S.E.2d 456, 459 (2002).

In this case, the record provides that Petitioner was aware of the check-in procedure at the end of the school year. In fact, it is clear that Petitioner refused to speak with Mr. Jones regarding this process. Petitioner argues that Mr. Jones refused to check-in Bus #21. However, the video reveals that Petitioner simply walked out, dismissing any chance of performing the check-in on that day. Importantly, testimony further reveals that Petitioner refused additional

4

opportunities to perform his job duty.

Petitioner contends that his three-day suspension without pay was an unjust penalty.

However, Petitioner does not have an unblemished record concerning acts of insubordination.

After a thorough review of the record, the Court cannot conclude that the punishment is

disproportionate to the offense.

Therefore, this Court cannot conclude that the ALJ's decision was clearly wrong.

## RULING

Accordingly, this Court **ORDERS** the following: The Final Order of the Administrative

Law Judge for the West Virginia Public Employees Grievance Board is **AFFIRMED.**

Therefore, this matter is hereby **DISMISSED** and **STRICKEN** from the open docket of the

Court.

The clerk of the court shall distribute copies of this Order to the following:

Wyatt L. Graham
P.O. Box 361
New Martinsville, WV 26155

West Virginia State Employees' Grievance Board
808 Greenbrier St.
Charleston, WV 25311

Owens L. Brown
WV Education Association
2192 National Rd.
Wheeling, WV 26003

Joyce Watt, Superintendent
Wetzel County Schools
333 Foundry St.
New Martinsville, WV 26155

Richard S. Boothby, Esq.
Bowles, Rice, McDavid, Graff & Love, L.L.P.
P.O. Box 49
Parkersburg, WV 26102

Andrew J. Katz, Esq.
The Katz Working Families' Law Firm, L.C.
The Security Building, Suite 1106
100 Capitol St.
Charleston, WV 25301

Enter this Order the 1st day of August, 2013.

James C. Stucky, Judge
Thirteenth Judicial Circuit

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS
DAY OF _____ August 2013
_____ CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

6